IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR LIONEL REED,

    Petitioner,

v.                                                                            No. 23-cv-0596 MV-KRS

STATE OF NEW MEXICO, *et al*,

    Respondents.

## ORDER TO CURE DEFICIENCIES

This matter is before the Court on Omar Lionel Reed's *pro se* Motion to Dismiss (Doc. 1) (Motion). He asks the Court to dismiss his pending state prosecution for criminal sexual penetration and kidnapping, Case No. D-506-CR-2023-044. Reed allegedly committed the offense at the Lea County Correctional Facility, where he was serving his sentence pursuant to a North Carolina judgment. He is now incarcerated at the Penitentiary of New Mexico. The Motion alleges, inter alia, Reed is being denied his right to a speedy trial; to confront witnesses; to adequate notice of the charges; and to effective assistance by counsel.

Federal courts are generally not authorized to dismiss a pending state criminal prosecution. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989) ("absent extraordinary circumstances the federal court should not enjoin pending state criminal prosecutions"). This Court normally only intervenes in a pending state criminal matter where the pretrial detention itself violates federal law. *See Muhammad v. Close,* 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus … and a complaint under the Civil Rights Act …[,] 42 U.S.C. § 1983."); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) (explaining that "§ 2241 is a

vehicle for challenging pretrial detention"). If Reed wishes to challenge the constitutionality of his pretrial detention, he may file a habeas corpus petition under 28 U.S.C. § 2241 within thirty (30) days of entry of this Order. By the same deadline, Reed must either prepay the $5.00 habeas filing fee or, alternatively, file a motion to proceed *in forma pauperis*. Any *in forma pauperis* motion must attach an inmate account statement reflecting transactions for a six-month period. *See* 28 U.S.C. § 1915(a)(2). The Clerk's Office will mail Reed a blank § 2241 habeas petition and a blank *in forma pauperis* motion. The failure to timely comply with both directives in this Order (*i.e.,* return a completed petition <u>and</u> address the filing fee) may result in dismissal of this case without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Reed must: (1) file a § 2241 petition; and (2) prepay the $5.00 filing fee or, alternatively, file an application to proceed *in forma pauperis* along with an inmate account statement reflecting transactions for a six-month period.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Reed a blank 28 U.S.C. § 2241 habeas petition and a blank motion to proceed *in forma pauperis*.

_____
UNITED STATES MAGISTRATE JUDGE