IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR LIONEL REED,

    Petitioner,

v.                                                                                       No. 23-cv-0596-MV-KRS

STATE OF NEW MEXICO, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Omar Lionel Reed's post-judgment motions and letters to reopen. *See* Docs. 8-16. Petitioner is a state prisoner and is proceeding *pro se*. He asks the Court to reopen this case following his voluntary dismissal, delete a procedural order from CM/ECF, transfer venue, and appoint counsel. For the reasons below, the Court declines to grant post-judgment relief but will allow Petitioner to file a new petition or complaint.

## BACKGROUND

Petitioner initiated this action by filing a Motion to Dismiss, which seeks dismissal of two state criminal counts based on speedy trial violations, ineffective assistance by counsel, and due process violations. *See* Doc. 1. By an Order entered October 10, 2023, Petitioner was notified that Federal Courts are generally not authorized to dismiss state criminal prosecutions. *See* Doc. 2 (Cure Order). The Cure Order further explains that if Petitioner seeks to challenge the constitutionality of his pretrial detention, he must file a 28 U.S.C. § 2241 petition and address the $5.00 habeas filing fee. The Clerk's Office mailed Petitioner a blank § 2241 petition and a blank motion to proceed *in forma pauperis*.

Petitioner did not file an amended pleading or address the filing fee in response to the Cure

Order.  He instead filed two letter-motions explaining that he does not intend to challenge the constitutionality of pretrial detention or file a habeas petition.  *See* Docs. 4, 5.  The letter-motions state that Petitioner filed the opening pleading "to be used as evidence against Defendants to prove that he was not only innocent of the any alleged criminal acts, but the alleged criminal acts alone were false criminal charges."  Doc. 4 at 1-2.  The letter-motions therefore ask the Court to "dismiss and unpublish this case."  *Id.* at 2.  They also seek to remove the Cure Order from CM/ECF on the grounds that it contains defamatory statements.  *Id.*

By an Order entered December 21, 2023, the Court granted the letter-motions, in part.  *See* Doc. 6 (Dismissal Order).  The Court construed the request for voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure and dismissed the opening Motion to Dismiss without prejudice to refiling.  The Dismissal Order explains that the Cure Order does not state that Petitioner committed any crime.  Petitioner's opening pleading seeks the dismissal of two criminal counts and includes the title of each offense.  *See* Doc. 1 at 1.  The Cure Order restates Petitioner's request for relief in the context of describing his claims and notes the charged conduct is *alleged* to have occurred.  *See* Doc. 2.  To the extent that it alleviates Petitioner's concerns, the Court agreed to place the Cure Order under seal in CM/ECF.  A judgment closing this case was entered along with the Dismissal Order on December 21, 2023.  *See* Doc. 7.

Petitioner filed his first post-judgment submissions within 28 days after entry of the Judgment, but some were filed later.  *See* Docs. 8-16.  The Court will therefore analyze whether the case can be reopened at this stage, and if so, whether there are grounds for relief under Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure.  *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are

generally analyzed under Rule 59, and any later motions are analyzed under Rule 60).

## DISCUSSION

Courts generally lack subject matter jurisdiction to reopen where the plaintiff voluntarily dismisses the case without prejudice under Rule 41(a).  *See Waetzig v. Halliburton Energy Servs., Inc.*, 82 F.4th 918, 923 (10th Cir. 2023).  *Waetzig* reasons that Rule 60(b) provides relief from a final judgment - meaning "there …[was] some sort of determination" in the case - and no determination is made when a Rule 41(a) voluntary dismissal is entered.  The Court in *Waetzig* therefore reversed the district court's order reopening the case under Rule 60(b).

The facts in this case differ slightly from those in *Waetzig*.  Although the Petitioner here had a right to file a self-effectuating notice under Rule 41(a), he instead filed an Answer to Order to Cure Deficiencies.  *See* Doc. 4.  That document contains a request to "dismiss and unpublish this case without further notice."  *Id*.  Thereafter, the Court entered a Dismissal Order and Judgment to close the civil case and to inform Petitioner that his request for dismissal was granted.  This is a common practice in *pro se* cases because, unlike attorneys, *pro se* parties generally do not understand that Rule 41(a) dismissals are self-effectuating and request written confirmation that the case is closed.  The Court notes, however, that like the dismissal in *Waetzig,* "[n]o rights have been determined" by the Dismissal Order and Judgment, "[a]nd no one has been *burdened* by court action, a requirement for" post-judgment relief.  82 F.4th at 926.

The Court need not conclusively determine whether *Waetzig* bars reopening because, even assuming it is an option, there are no grounds for relief under either Rule 59 or Rule 60.  Rule 59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief.  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Courts have considerable discretion in deciding whether to reconsider a ruling.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Petitioner filed nine post-judgment letters and motions (Docs. 8-16), which argue:

(1) His state motions to dismiss prosecution have been ignored, and this Court should order the state court to produce records; *see* Doc. 12.

(2) The Cure Order should be unpublished/removed from CM/ECF and any public record; *see* Docs. 8-10, 13, 15

(3) The Court should order a change of venue or otherwise assign a new Magistrate Judge; *see* Doc. 14.

(4)  Petitioner was subject to a false arrest; *see* Doc. 10.

(5) The opening Motion to Dismiss (Doc. 1) was mailed to this Court as an informational document, and Petitioner did not intend to use the pleading to file a new case;[1] *see* Doc. 8; 15.

(6)  Nevertheless, this case should be reopened so that Petitioner can "challenge the

---

[1]  At one point, Petitioner also argues that he intended to file the opening Motion to Dismiss (Doc. 1) in a closed case, *Reed v. LCCF,* No. 23-cv-088 JB-KRS.  Upon review of the docket, there is no basis to file the opening Motion to Dismiss in Case No. 23-cv-088 JB-KRS.  That case was closed before Petitioner sent the opening Motion to Dismiss to this Court, and the pleading does not list a federal case number.

4

constitutionality of his pretrial conditions and to challenge the constitutionality of his rights to be free from discrimination." *See* Doc.11 at 1.

These arguments do not point to new evidence or law, nor do they show the case was dismissed based on excusable neglect, manifest injustice, or fraud. Moreover, because the above-captioned case was voluntarily dismissed without prejudice, Petitioner can still prosecute his claims. Petitioner has already filed a new 42 U.S.C. § 1983 civil rights case, which is still in the screening phase under 28 U.S.C. § 1915A. *See Reed v. Vigil,* 24-cv-0288 MLG-KRS. He will not have to pay a second filing fee because the voluntarily dismissal was entered in this case before any fee was collected. To the extent that Petitioner seeks to challenge defects in his state prosecution, he can also still file a habeas corpus petition. If Petitioner challenges pretrial detention (*e.g.,* he hasn't received a hearing on his initial appearance), he can file a 28 U.S.C. § 2241 petition. If Petitioner is convicted in the state criminal case, he can challenge the judgment through a 28 U.S.C. § 2254 petition.

In sum, the Court will not reopen this case under Rule 59 or Rule 60. The Court may lack subject matter jurisdiction to reopen under *Waetzig*, *supra*, and in any event, there are no grounds for such relief. The Court also declines to grant Petitioner's miscellaneous requests to delete the Cure Order, transfer venue, order state records, or appoint counsel. The Cure Order is already sealed, and there is no basis to attempt to delete the Cure Order entirely from CM/ECF or the public record (*i.e.,* Google or Westlaw). As noted above, the Cure Order parrots Petitioner's exact request for relief and Petitioner's own description of the charges/alleged facts that he set out in his opening Motion to Dismiss. The Cure Order recites such information in the context of explaining what relief Petitioner sought and why the Court generally cannot dismiss his state criminal charges. To

5

the extent that Petitioner seeks an order to produce state records, change venue, appoint counsel, or reassign this matter to a new Magistrate Judge, such relief is not appropriate in a closed case. Petitioner may request procedural relief in his open civil rights case, *Reed v. Vigil,* 24-cv-0288 MLG-KRS, or file a new habeas case as forth above. Finally, the Court will deny a certificate of appealability under Habeas Rule 11, to the extent necessary. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where the petitioner "demonstrates that reasonable jurists would find the district court's assessment ... debatable or wrong").

**IT IS ORDERED** that Petitioner Omar Lionel Reed's post-judgment motions and letters (**Docs. 8, 9, 10, 11, 12, 13, 14, 15, and 16**) are **DISMISSED without prejudice**, to the extent that they seek relief over which the Court lacks subject matter jurisdiction; and **DENIED without prejudice**, to the extent they seek any other relief.

**IT IS FURTHER ORDERED** that to the extent necessary, a certificate of appealability is **DENIED**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE